**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

```
------------------------------------------------------------X
```
MEREDITH METZLER, DIANA BELICH,                   :
BLEAN TAYE, and STEVEN BRUNO,                      :
Individually and On Behalf of All Others           :
Similarly Situated,                                :
                                                   :
                            Plaintiffs,      :    **COLLECTIVE AND CLASS**
                                                   :    **ACTION COMPLAINT**
     -against-                                   :
                                                   :
MEDICAL MANAGEMENT                                 :
INTERNATIONAL, INC. d/b/a                          :
BANFIELD PET HOSPITAL,                             :
                                                   :
                        Defendant.        :
```
------------------------------------------------------------X
```

## INTRODUCTION

Plaintiffs Meredith Metzler ("Metzler"), Diana Belich ("Belich"), Blean Taye ("Taye"), and Steven Bruno ("Bruno") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective and Class Action Complaint against Defendant Medical Management International, Inc., d/b/a Banfield Pet Hospital, ("Banfield" or "Defendant") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law ("NYLL"), and the California Labor Code ("CLC") on behalf of Plaintiffs and all current and former Practice Managers ("PMs") who worked at any of Defendant's locations in the United States.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and observations and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.      Plaintiffs bring this lawsuit as a collective action pursuant to the FLSA on behalf of themselves and all other similarly situated current and former PMs who will opt into this action pursuant to the FLSA.  Plaintiffs allege that they and other PMs are entitled to:  (i) unpaid wages from Defendant for overtime work for which they did not receive all of the overtime premium pay required by law, including during their training period; (ii) liquidated damages under the FLSA; and (iii) reasonable attorneys' fees and costs of this action.

2.      Plaintiff Belich also brings this lawsuit as a class action pursuant to New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes, and ordinances, on behalf of all similarly situated persons employed in New York who suffered damages as a result of Defendant's violations of the NYLL.

3.      Plaintiff Taye also brings this lawsuit as a class action pursuant to California Labor Code Section 2802, and other appropriate rules, regulations, statutes, and ordinances, on behalf of all similarly situated persons employed in California who suffered damages as a result of Defendant's violations of the CLC.

4.      Until October 2016, Defendant misclassified Plaintiffs and the other similarly situated PMs as exempt from overtime wages, including during their training period.  Pursuant to its unlawful policy and practice, Defendant willfully violated the FLSA and applicable state laws by failing to pay Plaintiffs and the other similarly situated PMs overtime wages for the hours they worked over 40 in a workweek, including during their training period, in violation of the FLSA and applicable state laws.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.  This Court also has jurisdiction over Plaintiffs' federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Defendant is subject to personal jurisdiction in the Middle District of Florida.

7.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff Metzler was employed by Defendant in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

8.       Defendant is a covered employer within the meaning of the FLSA and applicable state laws.

## THE PARTIES

*Plaintiff Metzler*

9.      Plaintiff Metzler was employed by Defendant as a PM in Spring Hill, Florida from approximately April 2011 to December 2016.

10.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Metzler regularly worked more than 40 hours in a workweek, but was not compensated for her overtime hours worked as a PM.

11.     At all times relevant hereto, Plaintiff Metzler was a covered employee within the meaning of the FLSA.

12.     Plaintiff Metzler's written Consent to Join form is attached hereto as Exhibit A.

*Plaintiff Belich*

13.     Plaintiff Belich was employed by Defendant as a PM in Pelham, New York from approximately September 2015 to June 2017.

14.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Belich regularly worked more than 40 hours in a workweek, but was not compensated for her overtime hours worked as a PM.

15.     At all times relevant hereto, Plaintiff Belich was a covered employee within the meaning of the FLSA and applicable state law.

16.     Plaintiff Belich's written Consent to Join form is attached hereto as Exhibit B.

### Plaintiff Taye

17.     Plaintiff Taye was employed by Defendant as a PM in Los Angeles, California from approximately December 2013 to March 2017.

18.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Taye regularly worked more than 40 hours in a workweek, but was not compensated for her overtime hours worked as a PM.

19.     At all times relevant hereto, Plaintiff Taye was a covered employee within the meaning of the FLSA and applicable state law.

20.     Plaintiff Taye's written Consent to Join form is attached hereto as Exhibit C.

### Plaintiff Bruno

21.     Plaintiff Bruno was employed by Defendant as a PM in North Canton, Ohio from approximately January 2016 to January 2017.

22.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff Bruno regularly worked more than 40 hours in a workweek, including during his training period, but was not compensated for her overtime hours worked as a PM.

23.     At all times relevant hereto, Plaintiff Bruno was a covered employee within the meaning of the FLSA.

24.     Plaintiff Bruno's written Consent to Join form is attached hereto as Exhibit D.

*Defendant*

25.     MEDICAL MANAGEMENT INTERNATIONAL, INC. is a Delaware corporation with a principal place of business in Vancouver, Washington.

26.     At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA and applicable state laws.

27.     Throughout the relevant period, Defendant employed Plaintiff and other PMs within the meaning of the FLSA and applicable state laws.  Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

28.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and other PMs, including timekeeping, payroll and other employment practices that applied to them.

29.     Defendant applies the same employment policies, practices, and procedures to all PMs.

30.     At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

31.     At all times relevant, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

32.     Defendant has had, and has an annual gross volume of sales made or business done of not less than $500,000.00.

33.     At all times relevant, Plaintiffs and all similarly situated PMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

34.     Defendant issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

35.     Defendant directed the work of Plaintiffs and similarly situated employees, and benefited from work performed that it suffered or permitted from them.

36.     Plaintiffs and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation owed as required by the FLSA.

37.     Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek.

## FACTS

### The FLSA Collectives & The Rule 23 Classes

38.     The proposed FLSA PM Collective is defined as follows:

> All Practice Managers employed by Banfield at any location throughout the United States, and who were classified as exempt, on or after June 12, 2015[1], until about October 2016, when the position was reclassified to non-exempt, hourly status, who have not been paid for their overtime hours worked.

39.     The proposed FLSA Training Collective is defined as follows:

> All Practice Managers employed by Banfield while in training at any location throughout the United States, and who were classified as exempt during their training period on or after June 12, 2015, until about October 2016, when the position was reclassified to non-exempt, hourly status, who have not been paid for their overtime hours worked.

40.     The proposed New York Class is defined as follows:

---

[1]The parties entered into a Tolling Agreement effective April 6, 2018 on behalf of all Practice Managers employed by Banfield in the United States, which tolled the statute of limitations for all claims under the Fair Labor Standards Act and all applicable state wage and hour laws.  The Tolling Agreement was canceled effective on July 1, 2019.  As a result, the statutes of limitations applicable to the claims of the Plaintiffs and the members of the FLSA Collective, the FLSA Training Collective, the New York Class, and the California Class are extended an additional 451 days.

> All Practice Managers employed by Banfield at any location throughout the
> State of New York, and who were classified as exempt, on or after June 12,
> 2012 until about October 2016, when the position was reclassified to non-
> exempt, hourly status, who have not been paid for their overtime hours
> worked.

41.     The proposed California Class is defined as follows:

> All Practice Managers employed by Banfield at any location throughout the
> State of California, and who were classified as exempt, on or after June 12,
> 2014, until about October 2016, when the position was reclassified to non-
> exempt, hourly status, who have not been paid for their overtime hours
> worked.

42.     Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class, consistently worked more than 40 hours per workweek during their employment as PMs.

43.     Defendant was aware that Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class worked more than 40 hours per workweek, yet failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek during their employment as PMs.

44.     The primary duties of Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class were non-exempt in nature.

45.     The tasks that Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class regularly performed include but are not limited to answering phones, scheduling and verifying pet appointments, checking patients in and out of the hospital, and cleaning examination rooms between patients.

46.     Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class' primary job duties did not include: hiring, firing, promoting, or disciplining other employees; implementing management policies, practices,

and procedures; committing in matters having significant financial impact; or setting employees' wages.

47.     The primary duties of Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class did not differ substantially from the duties of non-exempt hourly paid employees.

48.     Plaintiffs and the members of FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

49.     Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class did not have the discretion or authority to make any decisions with respect to matters of significance and were required to follow the policies, practices, and procedures set by Defendant.

50.     Plaintiffs and the members of the FLSA PM Collective, the FLSA Training Collective, the New York Class, and the California Class did not have any independent authority to deviate from these policies, practices, and procedures.

### *FLSA PM Collective and FLSA Training Collective Allegations*

51.     Plaintiffs bring the First Cause of Action on behalf of the FLSA PM Collective.

52.     Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and the putative FLSA PM Collective members.

53.     There are numerous similarly situated current and former PMs (and other employees holding comparable positions, but different titles) comprising the FLSA PM Collective who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the putative FLSA PM Collective members pursuant to 29 U.S.C. § 216(b).

54.     Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

55.     Plaintiffs and the putative FLSA PM Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as PMs by Defendant.

56.     Defendant failed to pay Plaintiffs and the putative FLSA PM Collective members overtime compensation for the hours they worked over 40 in a workweek.

57.     Defendant failed to keep accurate records of all hours worked by Plaintiffs and the putative FLSA PM Collective members.

58.     Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit the Plaintiffs and the Putative FLSA PM Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

59.     Defendant assigned the work that the Plaintiffs and the putative FLSA PM Collective members have performed or Defendant was aware of the work they performed.

60.     The work performed by the Plaintiffs and the putative FLSA PM Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimis*.

61.     Defendant was aware, or should have been aware, that the FLSA requires it to pay the Plaintiffs and the putative FLSA PM Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

62.     Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the putative FLSA PM Collective members, which policy, pattern or practice was authorized, established,

promulgated, and/or ratified by Defendant's corporate headquarters.  This policy, pattern or practice includes but is not limited to:

    a.   willfully misclassifying Plaintiffs and the FLSA PM Collective members as exempt from the protections of the FLSA;

    b.   willfully failing to keep accurate time records of the work performed by Plaintiffs and the FLSA PM Collective members as required by the FLSA; and

    c.   willfully failing to pay the Plaintiffs and the putative FLSA PM Collective members overtime wages for hours in excess of 40 hours per workweek.

63.    In addition to the foregoing, Plaintiff Bruno brings the Second Cause of Action on behalf of himself and the FLSA Training Collective.

64.    Banfield requires all newly-hired PMs to participate in a training program which lasts between approximately (4) and eight (8) weeks.

65.    Banfield's training program consisted of computer modules, and hands on training with another PM.

66.    The computer training included written modules and videos from which PMs learned: (a) how to interact with animals; (b) how to handle aggressive pets; (c) checking in patients; (d) using Banfield's computer systems; (e) taking vital signs; and (f) the various wellness plans Banfield offered and how to sell them to customers.

67.    Banfield classified Plaintiff Bruno and the FLSA Training Collective members as exempt during their initial training periods.

68.    During training, the FLSA Training Collective members worked five (5) days per week, and typically worked 45 to 50 hours per week.  However, Banfield did not pay them overtime compensation.

### *New York Class Action Allegations*

69.    Plaintiff Belich brings the Third and Fourth Causes of Action on behalf of the New York Class.

70.     Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

71.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Belich, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

72.     Upon information and belief, the size of the New York Class is at least 100 workers.

73.     Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

74.     The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a.     Whether Defendant misclassified Plaintiff Belich and the New York Class members as exempt from the protections of the New York Act;

    b.     whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Belich and the New York Class;

    c.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    d.     whether Defendant failed and/or refused to pay Plaintiff Belich and the New York Class for all hours worked in violation of the New York Act;

    e.     the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

    f.    whether Defendant had a policy of failing to pay Plaintiff and the New York Class members for time that they worked;

    g.    whether Defendant failed to compensate Plaintiff Belich and the New York Class for all work Defendant required and/or suffered or permitted them to perform;

    h.    whether Defendant failed to maintain and provide accurate wage statements; and

    i.    whether Defendant correctly calculated and compensated Plaintiff Belich and the New York Class for hours worked in excess of 40 per workweek.

75.    Plaintiff Belich's claims are typical of the claims of the New York Class sought to be represented. Plaintiff Belich and the other New York Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek failing to maintain and provide accurate wage statements. Defendant acted and/or refused to act on grounds generally applicable to the New York Class, thereby making injunctive and/or declaratory relief with respect to the New York Class appropriate.

76.    Plaintiff Belich will fairly and adequately represent and protect the interests of the New York Class. Plaintiff Belich understands that, as a class representative, one assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Plaintiff Belich recognizes that as a class representative, one must represent and consider the interests of the New York Class just as one would represent and consider one's own interests. Plaintiff Belich understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New York Class. Plaintiff Belich recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Plaintiff Belich understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant

documentary material in one's possession, and testify, if required, in a deposition and in trial.

77.     Plaintiff Belich has retained the Shavitz Law Group, P.A., which is competent and experienced in complex class action employment litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

79.     This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3).

### *California Class Action Allegations*

80.     Plaintiff Taye brings the Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the California Class.

81.     Excluded from the California Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

82.     The persons in the California Class identified above are so numerous that joinder

of all members is impracticable. Although the precise number of such persons is not known to Plaintiff Taye, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

83.     Upon information and belief, the size of the California Class is at least 100 workers.

84.     Defendant acted or refused to act on grounds generally applicable to the California Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the California Class as a whole.

85.     The Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

a. Whether Defendant misclassified Plaintiff Taye and the California Class members as exempt from the protections of the California Labor Code;

b. whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Taye and the California Class;

c. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

d. whether Defendant failed and/or refused to pay Plaintiff Taye and the California Class for all hours worked in violation of the California Labor Code;

e. the nature and extent of California Class-wide injury and the appropriate measure of damages for the California Class;

f. whether Defendant has had a policy of failing to pay Plaintiff Taye and the California Class members for time that they work;

g. whether Defendant failed to compensate Plaintiff Taye and the California Class members for all work Defendant required and/or suffered or permitted them to perform;

h. whether Defendant correctly calculated and compensated Plaintiff Taye and the California Class members for hours worked in excess of 40 per workweek;

      i.   whether Plaintiff Taye and the members of the California Class who are no longer employed by Defendant are entitled to waiting time penalties pursuant to California Labor Code § 203; and

      j.   whether Defendant's violations of law discussed herein constitute illegal or unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*

86.    Plaintiff Taye's claims are typical of the claims of the California Class sought to be represented. Plaintiff Taye and the other California Class members work or have worked for Defendant, and have been subjected to their policy and pattern or practice of failing to pay overtime wages for all hours worked in excess of 40 hours per workweek. Defendant acted and/or refused to act on grounds generally applicable to the California Class, thereby making injunctive and/or declaratory relief with respect to the California Class appropriate.

87.    Plaintiff Taye will fairly and adequately represent and protect the interests of the California Class. Plaintiff Taye understands that, as a class representative, one assumes a fiduciary responsibility to the California Class to represent its interests fairly and adequately. Plaintiff Taye recognizes that as a class representative, one must represent and consider the interests of the California Class just as one would represent and consider one's own interests. Plaintiff Taye understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the California Class. Plaintiff Taye recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class. Plaintiff Taye understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

88.    Plaintiff Taye has retained the Shavitz Law Group, P.A., which is competent and experienced in complex class action employment litigation.

89.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the California Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

90.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On Behalf of Plaintiffs Metzler, Belich, Taye, Bruno and the FLSA PM Collective)

91.     Plaintiffs Metzler, Belich, Taye and Bruno reallege and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

93.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

94.     At all relevant times, Plaintiffs and the FLSA PM Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to

Defendant.

96.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

97.     At all relevant times, Plaintiffs and the FLSA PM Collective members are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

98.     Defendant failed to pay Plaintiffs and the FLSA PM Collective members the overtime wages to which they were entitled under the FLSA.

99.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the FLSA PM Collective.

100.    Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

101.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

102.    As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA PM Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

103.    As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA PM Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On Behalf of Plaintiff Bruno and the FLSA Training Collective)**

104.    Plaintiff Bruno realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

106.    Plaintiff Bruno has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

107.    At all relevant times, Plaintiff Bruno and the FLSA Training Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

108.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

109.    Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

110.    At all relevant times, Plaintiff Bruno and the members of the FLSA Training Collective are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

111.    Defendant failed to pay Plaintiff Bruno and the members of the FLSA Training Collective the overtime wages to which they were entitled under the FLSA.

112.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the FLSA Training Collective.

113.    Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff Bruno and the members of the FLSA Training Collective.

114.    Because Defendant's violations of the FLSA have been willful, a three-year statute

of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

115.    As a result of Defendant's willful violations of the FLSA, Plaintiff Bruno and the members of the FLSA training Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

116.    As a result of the unlawful acts of Defendant, Plaintiff Bruno and the members of the FLSA Training Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**New York Act – Overtime Wages**
**(On Behalf of Plaintiff Belich and the New York Class)**

117.    Plaintiff Belich realleges and incorporates by reference all allegations in all preceding paragraphs.

118.    At all times relevant, Plaintiff Belich and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the New York Act. Plaintiff Belich and the members of the New York Class are covered by the NYLL.

119.    Defendant employed Plaintiff Belich and the members of the New York Class as an employer in New York.

120.    Defendant failed to pay Plaintiff Belich and the members of the New York Class overtime wages for all overtime hours worked to which they are entitled under the New York Act. Defendant failed to pay Plaintiff Belich and the members of the New York Class for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

121.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Belich and the New York Class members.

122.    Due to Defendant's intentional and willful violations of the New York Act, Plaintiff

Belich and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

## FOURTH CAUSE OF ACTION
### New York Act Notice and Recordkeeping Claims
### (On Behalf of Plaintiff Belich and the New York Class)

123.    Plaintiff Belich realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

125.    NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

126.    12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

127.    NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

128.    12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

129.    Defendant failed to comply with the notice and record keeping requirements of

NYLL § 195(3), resulting in penalties under NYLL § 198 for Plaintiff Belich and the New York Class.

**FIFTH CAUSE OF ACTION**
**California State Labor Code – Failure to Pay Overtime**
**(On Behalf of Plaintiff Taye and the California Class)**

130.    Plaintiff Taye alleges and incorporates by reference the allegations in the preceding paragraphs.

131.    At all times relevant to this action, Plaintiff Taye and the California Class were employed by Defendant within the meaning of the California Labor Code.

132.    By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510 and 1194.

133.    During the relevant statutory period, Plaintiff Taye and the California Class worked in excess of eight hours in a work day and/or forty hours in a work week for Defendant.

134.    During the relevant statutory period, Defendant failed to pay Plaintiffs and the California Class proper overtime compensation for all of their overtime hours worked.

135.    At all times relevant, Plaintiff Taye and the California Class members have been employees and Defendant has been an employer within the meaning of the CLC.

136.    Plaintiff Taye and the California Class members are covered by the California Wage and Hour Law.

137.    Plaintiff Taye and the California Class members all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendant's common policy and practice, implemented throughout the State of California, of failing to credit and pay them proper overtime compensation, in violation of the CLC.

138.    Defendant failed to pay the Plaintiff Taye and the California Class members wages to which they are entitled under California law, including California Labor Code §§ 510, 558, and 1194 *et seq.* and Wage Order No. 4-2001 (codified at Cal. Code Regs. tit. 8, § 11040).

139.    Defendant failed to pay Plaintiff Taye and the California Class members for overtime at a wage rate of one and one-half times their regular rate of pay in weeks they worked more than 40 hours and for days they worked more than eight hours.

140.    California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

141.    California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

142.    California Labor Code § 558 states that an employer who violates § 510 or the related Wage Order is subject to a civil penalty of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid plus an amount sufficient to recover underpaid wages and, for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid plus an amount sufficient to recover underpaid wages.

143.    Defendant's violations of the California Labor Code, as described in this Collective and Class Action Complaint, have been willful and intentional.

144.    Defendant had a policy and practice of failing and/or refusing to pay overtime compensation to Plaintiff Taye and the California Class for their overtime hours worked.

145.    As a result of Defendant's failure to pay wages earned and due, Defendant violated

the California Labor Code.

146.    Due to Defendant's intentional and willful violations of the California Labor Code, Plaintiff Taye and members of the California Class are entitled to recover from Defendant damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, attorneys' fees and costs, and other relief as provided by law.

147.    Due to Defendant's violations of the CLC, Plaintiff Taye and the California Class members are entitled to recover from Defendant the relief requested herein.  As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Taye and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## SIXTH CAUSE OF ACTION
### California Labor Code – Failure to Provide Mandated Meal Periods
### (On behalf of Plaintiff Taye and the California Class)

148.    Plaintiff Taye realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

149.    California Labor Code § 512(a) states in a pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes…."

150.    Wage Order No. 4-2001 states in pertinent part, "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . .  If an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the

employee's regular rate of compensation for each workday that the meal period is not provided."

Cal. Code Regs. tit. 8, § 11040, subd. 11(A) & (B).  California Labor Code § 226.7(b) explains

that no employer shall "require an employee to work during a meal or rest . . . period mandated by

an applicable . . . order of the Industrial Welfare Commission."

151.   Since at least June 12, 2014, Defendant failed to provide Plaintiff Taye and

California Class members meal periods as required by California Labor Code §§ 226.7 and 512

and Wage Order No. 4-2001.

152.   As a result of Defendant's willful and unlawful failure to provide Plaintiff Taye and

California Class members with mandated meal periods, Plaintiff Taye and California Class

members are entitled to recover one (1) hour of pay at their regular rate of compensation for each

workday that a meal period was not provided, pursuant to California Labor Code § 227.7 and Wage

Order No. 4-2001, § 11(B).   Plaintiff Taye and California Class members are also entitled to

reasonable attorneys' fees and costs, under California Code of Civil Procedure § 1021.5.

153.   Plaintiff Taye, on behalf of herself and California Class members, also requests

further relief as described below.

**SEVENTH CAUSE OF ACTION**
**California Labor Code – Failure to Provide Mandated Rest Periods**
**(On behalf of Plaintiff Taye and the California Class)**

154.   Plaintiff Taye realleges and incorporates by reference the preceding paragraphs as

if they were set forth again herein.

155.   Wage Order No. 4-2001 states in pertinent part, "Every employer shall authorize

and permit all employees to take rest periods, which insofar as practicable shall be in the middle

of each work period.   The authorized rest period time shall be based on the total hours worked

daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . .

If any employer fails to provide an employee a rest period in accordance with the applicable

provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Cal. Code Regs. tit. 8, § 11040 at subd. 12(A) & (B). California Labor Code § 226.7(b) explains that no employer shall "require an employee to work during a meal or rest . . . period mandated by an applicable . . . order of the Industrial Welfare Commission."

156.    Since at least June 12, 2014, Defendant failed to provide Plaintiff Taye and California Class members with rest periods as required by California Labor Code § 226.7 and Wage Order No. 4-2001.

157.    As a result of Defendant's willful and unlawful failure to provide Plaintiff Taye and California Class members with mandated rest periods, Plaintiff Taye and California Class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4-2001, § 12(B). Plaintiff Taye and California Class are also entitled to reasonable attorneys' fees and costs, under California Code of Civil Procedure § 1021.5.

158.    Plaintiff Taye, on behalf of herself and the California Class members, also request further relief as described below.

## EIGHTH CAUSE OF ACTION
### California Labor Code – Failure to Furnish Accurate Itemized Wage Statements
### (On behalf of Plaintiff Taye and the California Class)

159.    Plaintiff Taye realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

160.    California Labor Code § 226(a) and Wage Order No. 4-2001, § 7, provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all

deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.   Since at least June 12, 2014, Defendant knowingly and intentionally failed to furnish Plaintiff Taye and the California Class members, upon each payment of compensation, itemized wage statements accurately showing, at minimum: gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding numbers of hours worked at each hourly rate by the employee.   During all the relevant times, Plaintiff Taye and the California Class members were injured by these failures because, among other things, they were not provided with compliant wage statements, and they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

161.    Plaintiff Taye and California Class members are entitled to injunctive relief to ensure Defendant's compliance with California Labor Code § 226(a).

162.    Plaintiff Taye and California Class members are also entitled to all actual damages suffered, as provided under California Labor Code § 226(e).

163.    Plaintiff Taye and California Class members are also entitled to an award of costs and reasonable attorneys' fees under California Labor Code § 226(h).

164.    Plaintiff Taye, on behalf of himself and the California Class members, also requests further relief as described below.

**NINTH CAUSE OF ACTION**
**California Labor Code – Failure to Pay Final Wages**
**(On behalf of Plaintiff Taye and the California Class)**

165.    Plaintiff Taye alleges and incorporates by reference the allegations in the preceding paragraphs.

166.    California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law.   California Labor Code § 203 provides that if an

employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

167.    Plaintiff Taye and the members of the California Class who have been terminated are entitled to unpaid overtime compensation, but to date have not received all such compensation.

168.    As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff Taye and the California Class who have separated from employment are entitled to up to thirty days' wages under Labor Code § 203.

**TENTH CAUSE OF ACTION**
**California Unfair Competition Law**
**(On Behalf of Plaintiff Taye and the California Class)**

169.    Plaintiff Taye alleges and incorporates by reference the allegations in the preceding paragraphs.

170.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

171.    Beginning at a date unknown to Plaintiff Taye, but at least as long ago as the year 2014, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has injured Plaintiff Taye and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff Taye and the California Class.

172.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

  a.      Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

      b.     California Labor Code §§ 510 & 1194.

173.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

174.    The harm to Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

175.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Taye and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendant since at least June 12, 2014, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.  That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA PM Collective Members and the FLSA Training Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.  Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

E. A reasonable incentive award for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other PMs, and the risks they have undertaken.

F. Certification of the New York claims in this action as a class action;

G. Certification of the California claims in this action as a class action;

H. Designation of Plaintiff Belich as the New York Class Representative, and Plaintiff Taye as the California Class Representative;

I. An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant pursuant to New York and California law according to proof;

J. Pre-judgment and post-judgment interest as provided by law;

K. Appropriate statutory penalties;

L. Attorneys' fees and costs of the action; and

M. Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:   September 13, 2018
            Boca Raton, FL                            Respectfully submitted,

                                                       By: *s/ Gregg I. Shavitz*
                                                       **SHAVITZ LAW GROUP, P.A.**
                                                       Gregg I. Shavitz
                                                       Florida Bar Number 011398
                                                       Camar R. Jones
                                                       Florida Bar Number 720291
                                                       Alan Quiles
                                                       Florida Bar Number 062431
                                                       951 Yamato Road, Suite 285

Boca Raton, FL 33431
Email: gshavitz@shavitzlaw.com
Email: cjones@shavitzlaw.com
Email: aquiles@shavitzlaw.com
Telephone: (561) 447-8888
Fax: (561) 447-8831
***Attorneys for Plaintiff and the Putative FLSA
Collective, the Putative FLSA Training Collective,
and Rule 23 Classes***

# EXHIBIT A

## CONSENT TO JOIN FORM

1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), Banfield Pet Hospital, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Meredith Metzler
_____
Print Name

# EXHIBIT B

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Banfield Pet Hospital, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Meredith Metzler
_____
Print Name

# EXHIBIT C

DocuSign Envelope ID: 383AA243-B91D-49EB-8481-0DC4633B4E42

## CONSENT TO JOIN FORM

1.     I consent to be a party plaintiff in a lawsuit against Defendant(s), Banfield Pet Hospital, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Diana Belich
_____
Print Name

# EXHIBIT D

DocuSign Envelope ID: 31DA57BD-B97B-4E59-A15A-1Z06F6E946BC

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Banfield Pet Hospital, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Steven Bruno
_____
Print Name