IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

```
---------------------------------------------------------------X
MEREDITH METZLER, DIANA BELICH,            :
BLEAN TAYE, and STEVEN BRUNO,              :
Individually and On Behalf of All Others   :
Similarly Situated,                        :   Case No. 8:19-cv-02289-VMC-CPT
                                           :
            Plaintiffs,                    :
                                           :
   -against-                               :
                                           :
MEDICAL MANAGEMENT                         :
INTERNATIONAL, INC., A CARING DOCTOR       :
(MINNESOTA), P.A., A CARING DOCTOR         :
(TEXAS), P.C., A CARING DOCTOR (NEW        :
JERSEY), P.C., XYZ CORPORATIONS 1-45, all  :
collectively d/b/a BANFIELD PET HOSPITAL   :
                                           :
            Defendants.                    :
---------------------------------------------------------------X
```

**JOINT RESPONSE TO THE COURT'S OCTOBER 1, 2020 ORDER [ECF NO. 115]**

Plaintiffs, MEREDITH METZLER, BLEAN TAYE, DIANA BELICH, and STEVEN BRUNO (the "Named Plaintiffs"), and Defendants, MEDICAL MANAGEMENT INTERNATIONAL, INC., A CARING DOCTOR (MINNESOTA), P.A., A CARING DOCTOR (TEXAS), P.C., and A CARING DOCTOR (NEW JERSEY), P.C. (collectively referred to herein as "Defendants" or "Banfield") file this Joint Response to the Court's October 1, 2020 Order, ECF No. 115, and state:

1.  In its October 1, 2020 Order, ECF No. 115, the Court requested the parties to submit supplemental briefing regarding the effect of the Eleventh Circuit's decision in *Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312, at *12 (11th Cir. Sept. 17, 2020), with regard to the requested enhancement awards in the Joint Motion for Approval, ECF No. 110.

2.  The *Johnson* plaintiff is seeking panel rehearing and/or rehearing *en banc*. *See* September 29, 2020 docket entry, *Johnson* appeal.

3. The Eleventh Circuit granted the plaintiff until October 22, 2020 to file its motion for rehearing and/or rehearing *en banc*. *See* September 30, 2020 docket entry, *Johnson* appeal.

4. The three-judge panel in *Johnson* was divided, with one judge writing a dissent on the issue of the service award. In addition, the third judge was a senior status judge from the Tenth Circuit Court of Appeals sitting by designation. The Eleventh Circuit will likely grant a rehearing *en banc* due to these facts in addition to the fact that no other Circuit has ruled on this issue and the ruling would have a significant impact on class/collective litigation in the Circuit.

5. If the Eleventh Circuit grants rehearing *en banc*, then the three-judge panel's decision would be vacated.

6. Given this procedural posture – and the likelihood that the panel's decision could be vacated – the parties request that that Court postpone briefing on the issue of *Johnson's* effect on the enhancement awards sought in the settlement.

7. Specifically, for all the reasons contained in the Joint Motion for Approval, ECF No. 110, the parties request that the Court approve the settlement, **except** that approval of the enhancement awards should be stayed so that the parties and the Court can have the benefit of any new developments in the Eleventh Circuit in *Johnson*.

8. The parties submit that given the importance of how the Eleventh Circuit decides to proceed in *Johnson* with regard to rehearing, any briefing on the effect of *Johnson* on the enhancement awards would be premature. Accordingly, the parties request that the briefing be held in abeyance so that they and the Court can gain the benefit of any future ruling by the Eleventh Circuit, rather than an interim decision which may be subject to change by an *en banc* panel.

For these reasons, the parties jointly request that the Court (a) approve the settlement as set forth in the Joint Motion for Approval, except for the enhancement awards; and (b) hold the briefing on the effect of *Johnson* on the enhancement awards until the Eleventh Circuit rules on

the request for rehearing *en banc*, and if rehearing en banc is granted, until the Court issues its opinion *en banc*.

Respectfully submitted this 5th day of October, 2020.

| SHAVITZ LAW GROUP, P.A.<br>951 Yamato Road, Suite 285,<br>Boca Raton, FL 33431<br>Telephone:    (561) 447-8888<br>Facsimile:    (561) 447-8831<br><br>By:    */s/ Camar R. Jones*<br>         Gregg I. Shavitz<br>         Florida Bar No. 011398<br>         gshavitz@shavitzlaw.com<br><br>         Camar R. Jones<br>         Florida Bar No. 720291<br>         cjones@shavitzlaw.com<br><br>         Alan Quiles<br>         Florida Bar No. 062431<br>         aquiles@shavitzlaw.com<br>Attorneys for Plaintiffs | JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Post Office Box 3389<br>Orlando, Florida 32802-3389<br>Telephone:    (407) 246-8440<br>Facsimile:    (407) 246-8441<br><br>By:    */s/ Stephanie L. Adler-Paindiris*<br>         Stephanie L. Adler-Paindiris<br>         Florida Bar No. 0523283<br>         stephanie.adler-paindiris@jacksonlewis.com<br><br>         Amanda A. Simpson<br>         Florida Bar No. 0072817<br>         amanda.simpson@jacksonlewis.com<br><br>Attorneys for Defendants |

4849-3863-5725, v. 1