```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MEREDITH METZLER, DIANA BELICH,
BLEAN TAYE, and STEVEN BRUNO,
individually and on behalf of
others similarly situated,

       Plaintiffs,

v.                                   Case No. 8:19-cv-2289-T-33CPT

MEDICAL MANAGEMENT
INTERNATIONAL, INC., A CARING
DOCTOR (MINNESOTA), PA,
A CARING DOCTOR (TEXAS), PC,
A CARING DOCTOR (NEW JERSEY),
PC, XYZ CORPORATIONS 1-45,
all collectively d/b/a
BANFIELD PET HOSPITAL,

       Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement (Doc. # 110), filed on September 8, 2020. For the reasons set forth below, the Court grants the motion in part.

**I.   Background**

Plaintiffs Meredith Metzler, Diana Belich, Blean Taye, and Steven Bruno ("Named Plaintiffs") filed this Fair Labor Standards Act (FLSA) case against their former employer, Medical Management International, Inc., on September 13,

1

2019. (Doc. # 1). Named Plaintiffs amended their complaint on January 7, 2020, adding several other defendants, all doing business as Banfield Pet Hospital. (Doc. # 45). Defendants then filed an answer to the amended complaint on January 21, 2020. (Doc. # 55).

On January 21, 2020, Named Plaintiffs sought to conditionally certify an FLSA collective action and authorize notice to potential collective members. (Doc. # 54). The Court conditionally certified this FLSA collective action on March 4, 2020. (Doc. # 67). In addition to the four Named Plaintiffs, nine plaintiffs opted-in before notice was authorized ("Pre-Notice Opt-In Plaintiffs") and 198 plaintiffs joined the suit after notice was issued, totaling 211 current and former employees in the collective action. (Doc. # 110 at 5).

On January 24, 2020, the Court entered its Case Management and Scheduling Order. (Doc. # 59). On July 20, 2020, the parties notified the Court that they had reached a settlement agreement. (Doc. # 106). On September 8, 2020, the parties filed this Motion for Approval of Settlement. (Doc. # 110). On September 15, 2020, the Court directed the parties to provide more information as to the attorneys' billing records. (Doc. # 111). The parties provided such information

2

on September 23, 2020. (Doc. # 114). On October 1, 2020, the Court directed the parties to file supplemental briefing on the issue of whether service awards are lawful under recent Eleventh Circuit precedent. (Doc. # 115). The parties filed a joint supplemental brief on October 5, 2020. (Doc. # 116). The Motion is now ripe for review.

## II.   Discussion

### A.   Final Certification Requirement

As an initial matter, a number of courts have found that final certification is required before a district court may approve an FLSA collective action settlement. See, e.g., Ruddell v. Manfre, No. 3:14-cv-873-J-34MCR, 2015 WL 7252947, at *1 (M.D. Fla. Nov. 17, 2015) (citing cases). However, the Court deems such final certification unnecessary here.

The Court finds the analysis in Campbell v. Pincher's Beach Bar Grill Inc. persuasive. No. 2:15-cv-695-FtM-99MRM, 2017 WL 3700629, at *2 (M.D. Fla. Aug. 24, 2017), report and recommendation adopted, No. 2:15-cv-695-FtM-99MRM, 2017 WL 3668889 (M.D. Fla. Aug. 25, 2017). There, the court noted that the cases in this District requiring final certification cited no binding Eleventh Circuit precedent. Id. Rather, the only Eleventh Circuit precedent cited in support of this prerequisite is Anderson v. Cagle's Inc., 488 F.3d 945, 951-

53 (11th Cir. 2007), which analyzes the two-stage process typically followed in certifying collective actions, but does not mandate final certification prior to approving settlements.

Importantly, the Eleventh Circuit in Anderson explained that the second stage of final certification usually occurs when "discovery is largely complete and the matter is ready for trial." Id. at 953. The parties in Campbell distinguished this scenario from their settlement, where discovery was incomplete and both parties were eager to end the matter without final certification. Campbell, 2017 WL 3700629, at *2. The court in Campbell deemed this distinction compelling, finding final certification premature when "the parties have not completed the discovery needed to either support a collective action or alternatively to decertify the collective action." Id.

In line with Campbell and a number of similar cases in this District and given that discovery in the instant case is incomplete, the Court finds that final certification is not required before approving this settlement. See, e.g., Czopek v. TBC Retail Grp., No. 8:14-cv-675-T-36TBM, 2016 WL 7116112, at *4 (M.D. Fla. Nov. 7, 2016), report and recommendation adopted, No. 8:14-cv-675-T-36TBM, 2016 WL 7104187 (M.D. Fla.

4

Dec. 6, 2016) (approving an FLSA settlement at the conditional certification stage); Aguirre-Molina v. Truscapes SW FLA Inc., No. 2:15-cv-608-FtM-38CM, 2017 WL 10992731, at *4 (M.D. Fla. May 3, 2017), report and recommendation adopted, No. 2:15-cv-608-FtM-38CM, 2017 WL 10992447 (M.D. Fla. May 5, 2017) (same).

### B.   Fairness and Reasonableness of the Settlement

Turning to the settlement agreement, Plaintiffs allege that Defendants violated the overtime provisions of the FLSA. (Doc. # 1). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982). The parties reached a settlement wherein it was agreed that the Plaintiffs would receive $410,000 in damages, inclusive of service awards. (Doc. # 110-1 at 5).

The Court must consider several factors in deciding whether to approve a settlement agreement in an FLSA case. As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's

> attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Pursuant to Bonetti and other governing law, the Court approves in part the compromise reached by the parties in an effort to amicably settle this case.

The terms of the settlement agreement provide for $373,250 in damages to be paid to all members of the collective action, distributed pro rata based on workweeks during the three years preceding this litigation. (Doc. # 110 at 7-8). The average amount payable to each member is $1,174. (Id. at 17). Additionally, "50% of the payment to each Participating Member[] will be treated as back wages and 50% of such payment will be treated as interest, any applicable penalties, liquidated damages and other non-wage relief." (Id. at 7-8). The settlement agreement also provides for $36,750 in service awards, known as incentive or enhancement awards, to the Named Plaintiffs and the Pre-Notice Opt-In Plaintiffs. (Id. at 7).

Regarding the $373,250 in damages, courts in this District have previously found the use of such a pro rata

6

formula fair. See Lytle v. Lowe's Home Centers, Inc., No. 8:12-cv-1848-T-33TBM, 2014 WL 12617552, at *3 (M.D. Fla. Oct. 30, 2014), report and recommendation adopted sub nom., Lytle v. Lowe's Home Centers, Inc., No. 8:12-cv-1848-T-33TBM, 2014 WL 12616124 (M.D. Fla. Nov. 7, 2014). Thus, the means of distributing these damages to Plaintiffs appear fair and reasonable.

However, in light of recent Eleventh Circuit precedent and a possible rehearing en banc, the Court denies approval of the requested service awards at this juncture. See Johnson v. NPAS Sols., LLC, No. 18-12344, 2020 WL 5553312, at *11 (11th Cir. Sept. 17, 2020) (prohibiting a $6,000 incentive award despite the fact that such awards are "fairly typical in class actions" (citation omitted)); see also Jairam v. Colourpop Cosmetics, LLC, No. 19-CV-62438-RAR, 2020 WL 5848620, at *3 (S.D. Fla. Oct. 1, 2020) (relying on Johnson in disapproving service awards in a TCPA class action settlement); Kuhr v. Mayo Clinic Jacksonville, No. 3:19-cv-453-J-34MCR, 2020 WL 5912350, at *8 (M.D. Fla. Oct. 6, 2020) (disallowing service awards in an FCCPA class action).

In addition to damages, Defendants have agreed to pay $350,000.00 in attorneys' fees and $35,000.00 in costs. (Doc. # 110 at 10). The parties represent that these attorneys'

7

fees were negotiated separately and without regard to the amount to be paid to Plaintiffs for alleged FLSA violations. (Id.). Although the Court finds the attorneys' hourly rates and hours billed excessive for the region, at this juncture, the Court will not set aside this aspect of the settlement, which was agreed upon by competent, experienced counsel, and which compensates Plaintiffs in full.

Therefore, the Court finds that the settlement as to the $373,250 in damages, $350,000 in attorneys' fees, and $35,000 in costs is fair, representing a reasonable compromise of the parties' dispute. However, the Court refrains from approving the service awards at this time.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement (Doc. # 110) is **GRANTED** in part.

(2) The Court approves the award of $373,250 in damages, to be distributed pro rata, $350,000 in attorneys' fees, and $35,000 in costs. The Court denies approval of $36,750 in service awards.

(3) The case is dismissed with prejudice as to the approved damages, attorneys' fees, and costs in accordance with the terms set forth in the parties' executed settlement

agreement. The Court declines to retain jurisdiction to enforce the settlement agreement.

(4) The Court retains jurisdiction for the limited purpose of revisiting the denial of service awards if the Eleventh Circuit holds a rehearing en banc in <u>Johnson v. NPAS Sols., LLC.</u> and reverses its decision. The parties may then move for reconsideration upon such a reversal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE